## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ADOLFO FIGUEROA** | * | **CIVIL ACTION:** |
| | * | |
| **versus** | * | |
| | * | **JUDGE** |
| **U.S. MARINE MANAGEMENT, INC.,** | * | |
| **and ABC INSURANCE COMPANY** | * | |
| | * | **MAGISTRATE** |
| ********************************************* | | |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes petitioner, **ADOLFO FIGUEROA**, a person of the full age of majority and resident of Orleans Parish, Louisiana, who respectfully states as follows:

1.

Made defendants herein are:

**a) U.S. MARINE MANAGEMENT, INC.** (hereinafter **"U.S. MARINE"**), a foreign corporation authorized to do and doing business in the State of Louisiana, which at all times relevant herein was the employer of petitioner, **ADOLFO FIGUEROA**, and which at all times relevant herein was the owner/operator of the vessel, USNS Brittin, on which **ADOLFO FIGUEROA** was working and injured.

**b) ABC INSURANCE COMPANY**, a foreign corporation authorized to do and doing business in the State of Louisiana, which at all times relevant hereto had in full force and effect a policy of liability insurance in favor of defendant**, U.S. MARINE,** against its liability in connection with the accident at issue herein.

2.

This matter is brought pursuant to 46 U.S.C. §688, and/or §30104, more commonly known

as the Jones Act, and under general maritime law for negligence, unseaworthiness, and maintenance and cure, and alternatively, under the general maritime laws of the United States.

3.

At all times material herein, petitioner, **ADOLFO FIGUEROA**, was assigned to the M/V USNS Brittin as an AB seaman.  On or about February 12, 2020, the crew aboard the M/V USNS Brittin was sailing in the open waters off the coast of the Middle East.  Mr. Figueroa was an AB seaman who was charged with operating the crane on board the M/V the USNS Brittin.  As Mr. Figueroa was ascending the stairway to the basket in order to operate the crane, he struck his right knee on a metal extension on the ladder that was broken causing his knee to swell and cause significant pain.  The accident at issue was the sole fault of **U.S. MARINE** and/or its employees for failing to keep a safe work environment on board the M/V USNS Brittin which dangerous condition aboard the vessel rendered the M/V USNS Brittin unseaworthy.

4.

As a result of the incident, your petitioner, **ADOLFO FIGUEROA,** sustained severe and disabling injuries including, but not limited to, injuries to his right knee.  Specifically, your petitioner, **ADOLFO FIGUEROA,** underwent a right knee procedure as well as extensive physical therapy.

5.

At the time of the incident in question, **U.S. MARINE** was the Jones Act employer of your petitioner, **ADOLFO FIGUEROA**, and violated its non-delegable duty to provide **ADOLFO FIGUEROA** a safe working environment.  **U.S. MARINE** is liable to **ADOLFO FIGUEROA**, for its/their vessel negligence pursuant to the Jones Act and/or general maritime laws of the United States for negligently causing, creating, and/or allowing the existence of one or more unreasonably dangerous conditions on its vessel, M/V USNS Brittin, which caused or contributed to **ADOLFO**

**FIGUEROA'S** incident and injuries.

6.

The above-described February 12, 2020 accident and the resulting injuries to your petitioner, **ADOLFO FIGUEROA**, were caused through the negligence of defendant, **U.S. MARINE,** which negligence includes but is not limited to the following actions and/or inaction:

- a) Negligently placing **ADOLFO FIGUEROA** in a situation which it knew or should have known to be unreasonable dangerous;
- b) Failure to warn **ADOLFO FIGUEROA** of a condition(s) which it knew or should have known to be unreasonable dangerous;
- c) Failure to maintain a proper lookout and/or being distracted or inattentive;
- d) Failure to take all reasonable actions to avoid the accident at issue herein;
- e) Failing to provide **ADOLFO FIGUEROA** with a reasonable safe work environment;
- f) Allowing and/or causing the existence of an unreasonably dangerous condition(s) on its vessel;
- g) Negligently violating any and all applicable rules, regulations and/or standards; and
- h) Any other acts of negligence to be proven at trial.

7.

Pursuant to the General Maritime Law of the United States of American, the defendant has the absolute and non-delegable duty to provide petitioner with maintenance and cure benefits from the date that he was rendered unfit for duty until maximum cure is achieved.

8.

As a result of the accident, the petitioner was rendered unfit for duty on or about June 2020 and incapable of returning to work as a seaman.

9.

The defendant is indebted to the petitioner for past and future maintenance and cure benefits in the amount mandated by law from June 2020 until maximum cure is achieved, and for all costs of cure incurred by petitioner from June 2020 until maximum cure is achieved.

10.

The General Maritime Law of the United States protects the seaman from certain acts of the defendant, which are egregious in nature, by awarding exemplary damages.

11.

Defendant, **U.S. MARINE**, caused damage to the plaintiff by the following wanton, willful, egregious and/or outrageous conduct in the following, non-exclusive particulars:

    a)    Failure to keep its vessel in a safe operating condition;
    b)    Failing to timely provide cure and maintenance benefits.

12.

As a result of the February 12, 2020 accident, your petitioner, **ADOLFO FIGUEROA**, suffered physical and mental injuries as well as inconvenience, entitling him to recover damages including, but not limited to:

    a)    Mental pain and suffering; past, present and future;
    b)    Physical pain and suffering; past, present and future;
    c)    Medical expenses; past, present and future;
    d)    Inconvenience; past, present and future;
    e)    Loss of support, both financial and emotional; past, present and future;
    f)    Disability, disfigurement and/or loss of enjoyment of life; past, present and future;
    g)    Lost wages; past, present and future;
    h)    Loss of earning capacity; past, present and future;
    i)    Loss of household services; past, present and future;
    j)    All damages allowed under the law which may be proven at the trial.

13.

**ABC INSURANCE COMPANY** at all times relevant herein had in full force and effect a

policy of liability insurance in favor of defendant, **U.S. MARINE,** against its liability in connection with the February 12, 2020 accident at issue herein. As a result of the foregoing and as per applicable Louisiana Law, including, but not limited to, the Doctrines of Respondiat Superior, principal and agent, insurer and insured, the Louisiana Direct Action Statute, LSA-R.S. 22:655, and/or master-servant, said **ABC INSURANCE COMPANY** has been named herein as party-defendant, and is answerable and/or responsible for the negligence and/or liability of defendant, **U.S. MARINE**.

## JURY DEMAND

A trial by jury is hereby demanded as to all issues so triable.

**WHEREFORE**, the aforesaid premises considered, petitioner prays that defendants, **U.S. MARINE MANAGEMENT, INC. and ABC INSURANCE COMPANY,** be duly served with a copy of this petition and cited to appear and answer same, and that after due proceedings had, that there be a judgment herein in favor of petitioner and against defendants herein finding said defendants liable jointly, severally, and in solido for the full amount of your petitioner's damages, plus maintenance and cure benefits and all costs together with legal interest thereon from the date of judicial demand until paid.

Respectfully submitted:

*/s/ K. Adam Avin*
**ANTHONY D. IRPINO (#24727)**
**K. ADAM AVIN (#31025)**
**J. BENJAMIN AVIN (#34884)**
Irpino, Avin & Hawkins Law Firm
2216 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 525-1500
Facsimile: (504) 525-1501
airpino@irpinolaw.com
aavin@irpinolaw.com
bavin@irpinolaw.com